IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRUCE A. LIEBERMAN AND
DEBORAH E. LIEBERMAN,

      Plaintiffs,

v.                                                      Case No. 1:21-cv-00238-MV-JFR

THE PENN MUTUAL LIFE
INSURANCE COMPANY,

      Defendants.

**FIRST AMENDED COMPLAINT FOR MANDATORY INJUNCTION AND
REFORMATION**

COME NOW Plaintiffs Bruce A. Liberman and Deborah E. Lieberman, by and through their attorney of record, the Law Offices of Erika E. Anderson (Erika E. Anderson, Esq.) and the Law Office of Bruce A. Lieberman (Bruce A. Lieberman) and for their First Amended Complaint for Mandatory Injunction and Reformation, state as follows:

**JURISDICTION**

1.      Plaintiffs Bruce A. Lieberman (hereinafter "Mr. Lieberman") and Deborah E. Lieberman (hereinafter "Ms. Lieberman"), husband and wife, reside in Bernalillo County, New Mexico, at all times material to this Complaint. Mr. and Ms. Lieberman are referred to collectively hereinafter as "Plaintiffs."

2.      Defendant the Penn Mutual Life Insurance Company (hereinafter "Defendant" or "Penn Mutual") is a Pennsylvania Miscellaneous Business Corporation licensed by the State of New Mexico to do business in, and was doing business in, New Mexico at all times material to this Complaint.

3.      The life insurance policies (collectively hereinafter "Policies") that are the subject of this action were purchased by Plaintiffs from Defendant in the State of New Mexico.

4. Accordingly, this Court has jurisdiction over the parties and subject matter.

## **PLAINTIFFS' STATEMENT OF FACTS**

5. On or about January 7, 2011, Plaintiffs purchased from Penn Mutual a Flexible Premium Adjustable Life Insurance Policy (hereinafter "Bruce's Policy"). The named insured is Mr. Lieberman, and the primary beneficiary is Ms. Lieberman.

6. On or about September 1, 2012, Plaintiffs purchased from Penn Mutual a second Flexible Premium Adjustable Life Insurance Policy (hereinafter "Deborah's Policy"). The named insured is Ms. Lieberman, and the primary beneficiary is Mr. Lieberman. Other than the amount of the death benefit, duration of coverage, initial premium and computations arising therefrom, the provisions of both Bruce's Policy and Deborah's Policy are identical.

7. On or about January 24, 2018, following Plaintiffs' inquiry to Penn Mutual, Plaintiffs received a letter (hereinafter "Letter") confirming that as long as there were sufficient funds in the cash surrender value of the Policies, a reduction in the payment of the annual premium would not adversely affect the Policies' death benefit coverage.

8. The Letter also states that changes to the scheduled premium will impact future cash value and the duration of coverage of the Policies, but nothing in the Letter or in any communication with Plaintiffs from Penn Mutual implied or suggested that Defendant had the right to reduce the duration of coverage without notice to Plaintiffs and without informing Plaintiffs of the purported number of years Defendant intended to reduce the duration of coverage.

9. By concealing such information, Plaintiffs were prevented from paying the purported shortage or contesting the reduction. Moreover, Defendant never advised Plaintiffs that the duration of coverage of the Policies had been reduced until the latter part of 2019 during a telephone conversation with Defendant on a related but different matter.

10. At no time prior to Plaintiffs' purchase of the Policies did Defendant and/or Defendant's agents inform Plaintiffs that if Plaintiffs did not pay the full amount of the initial premium as it became due, Defendant would unilaterally reduce the duration of coverage of the Policies.

11. In the latter part of 2019, Plaintiffs contacted Defendant to inquire about premium payment alternatives. During that inquiry, Plaintiffs learned for the first time that Defendant had, without any notice to Plaintiffs, reduced the duration of coverage of the Policies for the years in which Plaintiffs had only paid the Policies' costs of insurance. At no time whatsoever up to and including the present has Defendant informed Plaintiffs when the durations of coverage had been reduced or why Defendant concealed those reductions from Plaintiff.

12. With one exception, the Policies do not contain any provision purporting to allow Defendant to reduce the duration of coverage of the Policies if less than the initial annual premium is not paid. The only exception is a sentence buried on page 15 of the Policies in Section 12, entitled "General Provisions." This Section contains the standard boilerplate one expects to see in a "General Provisions" or "Miscellaneous" section of a contract.

13. It is inherently unreasonable and unconscionable to expect an insured, <u>after</u> a life insurance policy has been issued, to parse every sentence of the policy and find the sole reference purporting to allow the insurer to deduct the duration of coverage of the policy from the initial duration of coverage — <u>a major substantive right</u> — in a "General" or "Miscellaneous" boilerplate section of the policy.

14. The Policies contain a "No-Lapse Guarantee." As set forth in the Policies, the "No-Lapse Guarantee" states that the Policies will not lapse as a result of a Net Cash Surrender Value insufficient to cover the Monthly Deduction for the following month if, on a monthly anniversary prior to the Maturity Date, the No-Lapse Guarantee Requirement is satisfied. At no time from the

3

inception of the Policies to the present has Defendant informed Plaintiffs whether the No-Lapse Guarantee Requirement has been met and/or if the Policies are lapsed or are about to lapse.

15. Defendant maintains website pages for Plaintiffs' Policies that purport to provide Plaintiffs with all relevant information and communications concerning the Policies. However, Defendant's website pages contain no information concerning, or reference to, the Policies' duration of coverage, or any purported reduction of the duration of coverage, thus further evidencing Defendant's intent to conceal this important information. To this day, Plaintiffs do not know the amount of years the durations of coverage of the Policies have purportedly been reduced or when those purported reductions occurred.

16. The Illustrations that are provided to prospective insureds state that "[b[y paying only the premium required to satisfy the No-Lapse Guarantee the owner may be foregoing the advantage of building up a significant account value."

17. The foregoing quoted statement is misleading and designed to give the prospective insured the illusion that by building up a "significant account value", the insured is building up a significant cash value, thereby deceiving the insured into believing that a major benefit of the policy is that the insured is building up a significant cash value. In fact, the Policies are constructed so that the insured not only cannot build up a significant cash value, but rather the insured's cash value will diminish to zero well before the death of an insured with an actuarial average life span even if the full stated premium is paid. Consequently, the ultimate cost to an insured with an actuarial average life span will equal more than fifty percent (50%) of the Policies' death benefits.

18. The foregoing quoted statement also is false because defendant recently has taken the position that if the insured pays the cost of insurance portion of the premium with the insured's cash value and pays with additional funds the difference between the stated premium and the cost of insurance, doing so will reduce the duration of coverage of the policy. This position is wholly

inconsistent with the information previously provided to Plaintiffs by Defendant and by Defendant's subsequent conduct. On at least two separate occasions Defendant informed Plaintiffs that Defendant would deduct the cost of insurance portion of the stated premiums from the cash value of Plaintiffs' policies and accept – and did accept – Plaintiffs' payments with additional funds of the non-cost of insurance portion of the premiums. At no point did Defendant inform Plaintiff that doing so would reduce the Policies' durations of coverage.

19. By misrepresenting that the Policies are building up value, Defendant has created an illusion designed to induce the insureds to purchase the Policies and in fact did induce Plaintiffs to purchase the Policies.

20. Because the Policies effectively have no cash value, the Policies are in effect term Policies. However, by creating the illusion that they are not effectively term policies, Defendant charges premiums well in excess of what is charged for term policies, which premiums are therefore unconscionable.

21. In extremely small type on the last page of Defendant's Illustrations, Defendant purports to inform the prospective insureds that after a stated number of years, the insured may need to increase the amount of the stated premium in order to keep the policy in force. At best, this is further evidence that the policies are in reality term policies because that is precisely the kind of provision one would expect to see in a term policy.

## COUNT I
## VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT, NMSA 1978 § 59A-16-1 *ET SEQ.*

22. Plaintiffs reallege and incorporate herein all of the foregoing paragraphs of this Complaint. By concealing and/or failing to inform Plaintiffs in clear and unambiguous language of the true nature of the Policies as set forth above, unilaterally reducing the duration of coverage of the Policies without notice to Plaintiffs and charging an unconscionable premium, Defendant

has engaged in unfair and/or deceptive acts and/or practices in violation of NMSA 1978 § 59A-16-3.

23. By concealing and/or failing to inform Plaintiffs in clear and unambiguous language of the true nature of the Policies as set forth above, unilaterally reducing the duration of coverage of the Policies without notice to Plaintiffs and charging an unconscionable premium, Defendant has misrepresented the benefits, advantages, or terms of the Policies in violation of NMSA 1978 § 59A-16-4(A).

24. By concealing and/or failing to inform Plaintiffs in clear and unambiguous language of the true nature of the Policies as set forth above, unilaterally reducing the duration of coverage of the Policies without notice to Plaintiffs and charging an unconscionable premium, Defendant has failed to disclose material facts concerning the Policies in violation of NMSA 1978 § 59A-16-4(G).

25. By concealing and/or failing to inform Plaintiffs in clear and unambiguous language of the true nature of the Policies as set forth above, unilaterally reducing the duration of coverage of the Policies without notice to Plaintiffs and charging an unconscionable premium, Defendant has engaged in unfair and/or deceptive acts and/or practices in violation of NMSA 1978 § 59A-16-3.

26. By concealing and/or failing to inform Plaintiffs in clear and unambiguous language of the true nature of the Policies as set forth above, unilaterally reducing the duration of coverage of the Policies without notice to Plaintiffs and charging an unconscionable premium, Defendant has engaged in unfair and/or deceptive acts and/or practices in violation of NMSA 1978 § 59A-16-3.

27. By concealing and/or failing to inform Plaintiffs in clear and unambiguous language of the true nature of the Policies as set forth above, unilaterally reducing the duration of

coverage of the Policies without notice to Plaintiffs and charging an unconscionable premium, Defendant has engaged in unfair and/or deceptive acts and/or practices in violation of NMSA 1978 § 59A-16-3.

## COUNT II
### VIOLATION OF NEW MEXICO UNFAIR PRACTICES ACT, NMSA 1978 § 57-12-1 *ET SEQ.*

28. Plaintiffs reallege and incorporate herein the foregoing paragraphs of this Complaint.

29. By doing and/or failing and/or refusing to do the things alleged in the foregoing paragraphs of this Complaint, Defendant has engaged in unfair and/or deceptive and/or unconscionable practices in violation of NMSA 1978 § 57-12-3.

## COUNT III
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

30. Plaintiffs reallege and incorporate herein all of the foregoing paragraphs of this Complaint.

31. By concealing and/or failing to inform Plaintiffs in clear and unambiguous language of the true nature of the Policies as set forth above, unilaterally reducing the duration of coverage of the Policies without notice to Plaintiffs and charging an unconscionable premium, Defendant has breached the covenant of good faith and fair dealing enshrined in every contract whose interpretation and enforcement is subject to the laws of the State of New Mexico.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs seek Judgment in favor of Plaintiffs and against Defendant as follows:

1. A mandatory injunction ordering Defendant to reinstate the number of years Defendant has purportedly reduced the duration of coverage of the Policies;

2. Reformation of the Policies such that Defendant's alleged right to reduce the duration of coverage of the Policies is conspicuously displayed therein and is accompanied by a provision that: (a) Defendant will give notice to Plaintiffs prior to any said reduction that Plaintiffs have the right to pay the additional amount of the premium and/or to contest the proposed reduction; and (b) Defendant will timely notify Plaintiffs of the reduction and number of years the terms of the Policies have been reduced;

3. An award of Plaintiffs' costs of suit;

4. An award of Plaintiffs' reasonable attorney fees in accordance with NMSA 1978 § 57-12-10-C.

5. Punitive damages for the purpose of deterring Defendant and others from

   (a) effectively concealing the existence of its alleged right to deduct the duration of coverage of the policies;

   (b) failing and/or refusing to notify the insured prior to the insured's reduction of the duration of coverage of the policies that the insurer intends to reduce the duration of coverage;

   (c) failing and/or refusing to notify the insured when the duration of coverage of a policy has been reduced and/or the number of years in which the duration of coverage has been reduced;

   (d) misrepresenting the benefits of the policy; and/or

//

//

//

8

(e)  charging unconscionable premiums for the policy.

Respectfully submitted,

LAW OFFICES OF ERIKA E. ANDERSON

By:*/s/ Erika E. Anderson*
Erika E. Anderson
2025 Rio Grande Blvd., NW
Albuquerque, NM 87104
505-944-9039 / 505-243-3534
erika@eandersonlaw.com

and

Bruce A. Lieberman
Law Offices of Bruce A. Lieberman
10 Abiquiu Ct.
Sandia Park, NM 87047
505-286-0840
balieberman@me.com

*Attorneys for Plaintiffs*

I HEREBY CERTIFY that on the 14th day of April 2021, I filed the foregoing using CM/ECF which caused the following counsel to be served by electronic means, as more reflected on the Notice of Electronic filing:

Leslie McCarthy Apodaca
lapodaca@rodey.com

David T. McDowell
david.mcdowell@mhllp.com

*/s/ Bruce A. Lieberman*
Bruce A. Lieberman